**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

ROBERT R. GORNTO, individually and          )
as surviving spouse of Donna Gornto,         )
deceased,                                                      )
                                                                      )
      Plaintiff,                                      )
                                                                      )
vs.                                                                 )     **CIV. ACT. NO. 1:25-cv-358-TFM-MU**
                                                                      )
ASCENSION HEALTH ALLIANCE,          )
INC.,  d/b/a Ascension                               )
                                                                      )
      Defendant.                                     )

**MEMORANDUM OPINION AND ORDER**

On November 26, 2025, the Magistrate Judge entered a Report and Recommendation which recommends Plaintiff's Motion to Hold Ruling in Abeyance Pending Issuance of Letters of Administration (Doc. 14) be granted and that Plaintiff be permitted to amend his complaint which would then render the motion to dismiss (Doc. 6) as moot. *See* Doc. 17.  On December 9, 2025, Defendant filed objections to which Plaintiff timely responded. *See* Docs. 18, 19.  The Report and Recommendation is ripe for review.

Having reviewed the objections, the Court ultimately agrees with the Magistrate Judge and the objections are **OVERRULED**.  Therefore, after due and proper consideration of all portions of this file deemed relevant to the issues raised, and a *de novo* determination of those portions of the Recommendation to which objection is made, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of this Court.  Therefore, Plaintiff's Motion to Hold Ruling in Abeyance Pending Issuance of Letters of Administration (Doc. 14) is **GRANTED**.

That said, the Court notes that Plaintiff has not filed any further updates on the status of his appointment as the Administrator or the probate proceeding for the issuance of Letters of

Administration. In his response to the objections, Plaintiff indicates that the probate court had issued a ruling and that the letters of administration would issue upon completion of routine administrative requirements. *See* Docs. 20-1, 20-2. However, these references were made on December 10, 2025. *Id*. No further update has been provided which this Court had been waiting on prior to ruling on this issue. Since it is now seven months later, the Court must act and notes that the statute of limitations on this action would expire on or about July 28, 2026 (by Plaintiff's statement that his wife died on or about July 28, 2024. Moreover, those exhibits are still only Plaintiff's statements about events that supposedly occurred in the probate proceedings but not copies of the actual orders themselves.

Therefore, Plaintiff is **ORDERED** to provide a status update regarding the probate proceeding and to provide certified copies of any orders appointing an administrator of the estate and the issuance of letters of administration. Plaintiff shall file the status update on or before **June 30, 2026**. Failure to comply may result in the dismissal of this action for failure to prosecute and obey court orders pursuant to Fed. R. Civ. P. 41(b).

**DONE** and **ORDERED** this 17th day of June, 2026.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE