IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ROBERT R. GORNTO, individually and as surviving spouse of Donna Gornto, deceased,

Plaintiff,

vs. CIV. ACTION NO. 25-358-TFM-MU

ASCENSION HEALTH ALLIANCE, INC., d/b/a Ascension,

Defendant.

## REPORT AND RECOMMENDATION

On August 4, 2026, Plaintiff Robert Gornto filed a Notice of Filing Verified Petition for Removal of Estate Administration and Motion to Continue Stay. (Doc. 25). This matter has been referred to the undersigned Magistrate Judge for consideration and disposition or recommendation on all pretrial matters as appropriate, pursuant to 28 U.S.C. § 636(b)(1). (Doc. 3). For the reasons explained below, the undersigned recommends **DENIAL** of the Motion to Continue Stay (Doc. 25), finding it appropriate to rule now on the pending Motion to Dismiss (Doc. 6). The undersigned further recommends **GRANTING** the Motion to Dismiss.

On September 22, 2025, Defendant Ascension filed a Motion to Dismiss (Doc. 6) raising several deficiencies with Plaintiff Robert Gornto's complaint. On September 23, 2025, the undersigned ordered Plaintiff, who is proceeding *pro se* and "individually and as the surviving spouse," to show cause regarding his legal capacity to pursue the action by October 23, 2025. (Doc. 8). Plaintiff filed a Response in opposition to the Motion to Dismiss (Doc. 12), and Ascension filed a

Reply (Doc. 13). In addition, on October 15, 2025, Plaintiff filed a Motion to Hold Ruling in Abeyance Pending Issuance of Letters of Administration. (Doc. 14). Ascension then filed a Response (Doc. 15), and Plaintiff filed a Reply (Doc. 16).

On November 26, 2026, the undersigned entered a Report and Recommendation recommending that Plaintiff's motion to hold ruling (on the motion to dismiss) be granted. (Doc. 17). The Report and Recommendation specifically recommended that Plaintiff be allowed to amend his complaint to address two threshold issues raised by Defendant in its motion to dismiss: (1) whether Plaintiff has the capacity to proceed on behalf of his deceased spouse, and (2) whether Plaintiff may represent his wife's estate *pro se*. Regarding the first issue, after explaining that only the personal representative of a decedent's estate has the legal capacity to prosecute a wrongful death action, the undersigned stated:

> The Court anticipates that Plaintiff will be appointed administrator well within the two-year limitations period, at which time he may properly file an amendment to substitute himself as administrator of his wife's estate, thereby curing this existing deficiency in the complaint. Therefore, the undersigned **RECOMMENDS** that Plaintiff be granted an opportunity to amend his complaint to substitute himself as administrator as soon as the Letters of Administration are issued.

(Doc. 17, PageID.50). Regarding the second issue, the undersigned explained that under Eleventh Circuit case law "an executor may not represent an estate *pro se* where there are additional beneficiaries, other than the executor," and "[i]n such a situation…the estate must be represented by counsel." (Doc. 25, PageID.51, quoting *Iriele v. Griffin*, 65 F.4th 1280, 1284–85 (11th Cir. 2023)). Accordingly, the undersigned recommended:

> that Plaintiff inform the Court through his amended complaint whether Mrs. Gornto had any surviving children or grandchildren, and if she had no surviving children or grandchildren, whether she had any surviving parents, so that the Court can determine if Plaintiff is bringing his "own case" as the sole beneficiary or if the estate must be represented by counsel.

(Doc. 17, PageID.51).

On June 17, 2026, the District Judge adopted the undersigned's Report and Recommendation. (Doc. 21). The motion to hold ruling on the motion to dismiss was granted, and, having received no update from Plaintiff regarding whether he had been appointed administrator of his wife's estate, the Court ordered Plaintiff to provide a status update by June 30, 2026. (Doc. 21). On June 30, 2026, Plaintiff filed a status report stating that the Probate Court of Mobile County had appointed the general administrator as personal representative instead of Plaintiff, that the probate matter remained pending in Probate Court, and that "Plaintiff continues to seek appointment as Personal Representative for the limited purpose of pursuing the wrongful death action on behalf of the Estate of Donna Marie Gornto." (Doc. 22). The District Judge acknowledged Plaintiff's report and directed Plaintiff to file a final status report by July 30, 2026. (Doc. 23). The Court's order stated "that at that time, if Plaintiff has not been appointed as the executor, it is likely that it will have no choice but to dismiss this Complaint as previously identified in the Report and Recommendation (Doc. 17 at p. 3)." (Doc. 23).

On July 31, 2026, Plaintiff filed his final status report informing the Court that he still had not been appointed administrator of his wife's estate. (Doc. 24). Plaintiff stated that:

> Plaintiff has obtained the complete probate court record and is filing an appeal of the Probate Court's orders [appointing the Mobile County General Administrator] to the Circuit Court of Mobile County, Alabama on July 31, 2026. Plaintiff believes the Probate Court erred in denying his petition for appointment as Personal Representative and is diligently pursuing appellate review of those orders.

(Doc. 24). Plaintiff then requested that the Court refrain from dismissing his action while he appealed the Probate Court's appointment of the general administrator. (Doc. 24). On August 4, 2026, Plaintiff filed the instant Notice of Filing Verified Petition for Removal of Estate Administration and Motion to Continue Stay. (Doc. 25). In this notice, Plaintiff informed the Court that pursuant to Ala. Code §§ 12-11-41 and 12-11-41.1, he had filed a Verified Petition for Removal of Estate Administration with the Circuit Court of Mobile County, which was assigned case number CV-2026-902283.00. (Doc. 25). A copy of the Circuit Court filing receipt was attached. (Doc. 25-1). Plaintiff requested the Court continue to stay its ruling on the motion to dismiss for 90 days or until a ruling is made on the petition for removal in Circuit Court. (Doc. 25).

The undersigned has reviewed the status of both the Mobile County Circuit Court case number CV-2026-902283.00 and the Mobile County Probate Court case number 2025-2145 and takes judicial notice of the status of both cases as shown by the docket sheet entries summarizing the court proceedings, the pleadings filed, and the courts' orders. A court may take judicial notice of another court proceeding for the purpose of recognizing the judicial acts that the orders of the other court represent and the subject matter of the litigation. *See United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994); *see also Keith v. DeKalb Cnty.*, 749 F.3d 1034, 1041 n.18 (11th Cir. 2014) (taking judicial notice of a plaintiff’s criminal

history from a review of the state court’s online judicial system docket sheet).

In the Circuit Court matter, Plaintiff's Verified Petition for Removal of Estate Administration was filed on August 4, 2026. (CV-2026-902283.00, Doc. 2). The Petition requests that the Circuit Court remove the administration of the Estate of Donna Marie Gornto from the Probate Court to the Circuit Court. (*Id.*). Notably, the Petition states that the only-heirs-at-law of Donna Marie Gornto are Robert Ray Gornto, her surviving spouse (Plaintiff in this action), and her only child, Robert Jeffrey Gornto, the adult son of Robert Ray Gornto and Donna Marie Gornto, as reflected in the Schedule of Heirs filed in the Probate Court. (*Id.*). The Petition was summarily denied by the Circuit Court on August 4, 2026. (CV-2026-902283.00, Doc. 5).

In the Probate Court matter, the case was opened on October 10, 2025, when Plaintiff filed a petition to be granted letters of administration for his deceased wife's estate. (Doc. 14-1). This was after the instant matter was filed on August 27, 2025, and after Plaintiff was instructed by the undersigned on September 23, 2026, to show cause why this matter should not be dismissed for lack of capacity to file suit and for attempting to represent his wife's estate without an attorney. (Doc. 8). The docket sheet reflects the following activity concerning the appointment of an administrator for Donna Gornto's estate:

- December 10, 2025: Letters of administration were issued to the general administrator.
- February 11, 2026: A motion for reconsideration of the appointment, to waive the estate administration requirements, and revoke the letters of administration was filed.
- February 25, 2026: The motion to reconsider and revoke was denied.

- February 27, 2026: Plaintiff filed a motion to qualify and post bond, which was recast as a motion to reconsider.

- March 19, 2026: Plaintiff's motion to reconsider was granted "conditioned upon confirmation that the petitioner is duly informed and understands the responsibilities of a personal representative."

- April 23, 2026: A hearing was held April 23, 2026.

- April 30, 2026: An order was entered after the hearing denying the motion to reconsider and revoke letters of administration.

No further activity is reflected on the docket sheet after April 30, 2026.

In his pending motion, Plaintiff requests to continue the stay "until the Circuit Court rules upon the Pending Motion for Removal." (Doc. 25, PageID.78). As noted above, the Circuit Court denied the petition for removal on August 4, 2026. The undersigned sees no other avenue in either the Circuit Court or Probate Court (where no activity has occurred since the denial of Plaintiff's motion to reconsider on April 30, 2026) by which Plaintiff will be appointed administrator of his wife's estate. Therefore, the undersigned **recommends DENIAL of the motion to stay** and finds it appropriate for the Court to rule on the motion to dismiss that was filed on September 22, 2025.

As noted in the Report and Recommendation entered on November 26, 2025 (Doc. 17, PageID.49), while Defendant's motion to dismiss raises several grounds for dismissal of the complaint, the undersigned remains focused on the two threshold issues raised: (1) Plaintiff's lack of capacity to proceed because he has not been appointed administrator of his wife's estate, and (2) Plaintiff's need to secure counsel to represent his wife's estate, as it is now clear that there is another beneficiary in addition to Plaintiff. Plaintiff was first made aware of these

deficiencies upon the filing of the motion to dismiss on September 22, 2025. (Doc. 22). While the Court acknowledges that Plaintiff has attempted to be appointed administrator, the Probate Court and Circuit Court records indicate those efforts have been unsuccessful. Thus, Plaintiff has not cured his lack of capacity to bring this suit, and it must be dismissed. *See Ex parte Tyson Foods, Inc.*, 146 So.3d 1041, 1042–43 (Ala.2013) ("The statute providing for a wrongful-death action, § 6–5–410(a), Ala.Code 1975, allows only a personal representative of the deceased's estate to bring such an action."); *see also Pollard v. H.C. P'ship*, 309 So. 3d 1189, 1192 (Ala. 2020) ("The Alabama Supreme Court has consistently held that only the appointed administrator or executor of a decedent's estate can maintain a wrongful death action and if there is no administrator or executor appointed at the time an action is filed, such action is a legal nullity."). Furthermore, even if Plaintiff were appointed administrator, he would be required to obtain counsel to represent the estate, which he also has not done. *See Iriele*, 65 F.4th at 1284-85.

Therefore, the undersigned Magistrate Judge **RECOMMENDS** that Defendant's motion to dismiss (Doc. 6) be **GRANTED** and that this action be **DISMISSED without prejudice**.[1]

**NOTICE OF RIGHT TO FILE OBJECTIONS**

---

[1] While dismissal without prejudice is recommended, the undersigned recognizes that dismissal at this stage would have the effect of precluding Plaintiff from re-filing his claim due to the running of the two-year limitations period for an Alabama wrongful death claim and is, therefore, tantamount to a dismissal with prejudice. *See Justice v. United States*, 6 F.3d 1474, 1482 & n.15 (11th Cir.1993); Ala. Code § 6-5-410(d).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this **19th** day of **August, 2026**.

s/P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**