**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **ROBERT R. GORNTO, individually and as surviving spouse of Donna Gornto,** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **CIV. ACT. NO. 1:25-cv-358-TFM-MU** |
| **ASCENSION HEALTH ALLIANCE, INC. d/b/a Ascension,** | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

On August 18, 2026, the Magistrate Judge entered a Report and Recommendation which recommends the denial of Plaintiff's motion to continue the stay (Doc. 25) and granting the Defendant's motion to dismiss (Doc. 6, filed 9/22/25). On September 2, 2026, Plaintiff filed objections to which Defendant timely responded. *See* Docs. 27, 29. The Report and Recommendation is ripe for review.

Plaintiff's objections are rooted in the issue that has been plaguing this case since the beginning. Plaintiff filed a *pro se* lawsuit as it relates to a wrongful death claim involving his deceased wife. Unfortunately, Plaintiff has never been appointed as the administrator or representative of the Estate of Donna Gornto. To the contrary, the Mobile County Probate Court has appointed someone else and denied Plaintiff's motion for reconsideration. Therefore, he is not the proper party to bring this suit and lacks standing. This issue has been pending for a full year and the Court has given the Plaintiff time and the opportunity to cure over the Defendant's repeated objections. *See* Docs. 17, 21, 23. While the Court is aware that the statute of limitations expired on July 28, 2026, the reality is that the Court cannot simply grant an indefinite delay when the

probate court record shows that Robert Gornto is not the administrator of the estate. Therefore, Defendant's argument about the filing being a nullity is now true and it does not appear that situation will change.

Knowing the statute of limitations expired on July 28, 2026, the Court acknowledges that a dismissal without prejudice still has the effect of precluding a plaintiff from refiling the wrongful claim due to the running of the statute of limitations. Therefore, the dismissal is tantamount to a dismissal with prejudice. *Justice v. United States*, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993); *Gomez v. Univ. of Miami*, 2025 U.S. App. LEXIS 8774, 2025 WL 1100871 (11th Cir. Apr. 14, 2025) (citing Justice). Dismissals with prejudice are drastic remedies that are to be used only when a lesser sanction would not better serve the interests of justice. Justice, 6 F.3d at 1482, n. 15. "[A] dismissal with prejudice, whether on motion or sua sponte, is an extreme sanction that may be properly imposed only when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." Betty K Agencies, Ltd. v. M/V/ Monada, 432 F.3d 1333, 1337-38 (11th Cir. 2005) (quotation omitted); *see also Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (stating same).

Alabama's Wrongful Death Statute, Ala. Code § 6-5-410 vests standing to sue only in the personal representative and a plaintiff cannot maintain a wrongful death action until he is appointed as a personal representative of the estate. *See* Ala. Code. S 6-5-462; *see also Tucker v. Molden*, 761 So. 2d 996, 998 (Ala. 2000) (stating that the Alabama wrongful death statute vests "standing to sue only in the personal representative"). "Article III, § 2, of the Constitution restricts the federal 'judicial Power' to the resolution of 'Cases' and 'Controversies.' That case-or-controversy requirement is satisfied only where a plaintiff has standing." *Sprint Communs. Co., L.P. v. APCC Servs.*, 554 U.S. 269, 273 (2008) (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S.

332 (2006)). A challenge on standing is jurisdiction. *See, e.g., Stalley v. Orlando Regional Healthcare System, Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) ("Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction[.]") (internal quotations omitted); *London v. Wal-Mart Stores, Inc.*, 340 F.3d 1246, 1251 (11th Cir. 2003) (citation omitted) ("The issue of whether the plaintiff lacks standing is jurisdictional; therefore, this court must address it.").

Normally when a lawsuit is brought by a party that does not have standing, that ends the inquiry. However, the Eleventh Circuit has made clear that there is an exception applicable to this case:

> No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

*Hess v. Eddy*, 689 F.2d 977, 980 (11th Cir. 1982), *abrogated on other grounds by Wilson v. Garcia*, 471 U.S. 261 (1985). According to the Eleventh Circuit, the "plain language" of Rule 17

> clearly provides that when an action is brought by someone other than the real party in interest within the limitations period, and the real party in interest joins or ratifies the action after the limitations period has run, the amendment or ratification relates back to the time suit was originally filed and the action need not be dismissed as time barred.

*Id*. The Eleventh Circuit further held

> Rule 17(a) sets forth a rule of procedure that is to be applied in the federal courts. The Rule provides that when an action is brought by someone other than the real party in interest, the suit need not be dismissed if the real party in interest subsequently joins or ratifies the action. The Rule further provides that such subsequent joinder or ratification by the real party in interest relates back to the time the suit was first filed. If the initial filing came within the applicable limitations period, the suit is not time barred. Most importantly, the Rule is to be applied even where the courts of the forum state have rejected the "relation back" doctrine. For this reason, we must conclude that the district court erred in applying Alabama law on the question of whether the doctrine of "relation back" would apply in this case.

> This is a federal civil rights action, brought in a federal court, and it is the Federal Rules of Civil Procedure that must apply.

*Hess*, 689 F.2d at 981. As this case was filed in federal court, federal procedural rules apply and the Court must consider Rule 17. Therefore, Plaintiff was correct in that the initial filing could be remedied and ratified if the administrator had intervened as the real party in interest. However, that is not the case here. Instead, the Mobile County Probate Court has declined (more than once) to appoint Plaintiff Gornto and instead appointed a different administrator who has not intervened in this case. More than a year has passed since the issue was first raised and the Mobile County Circuit Court declined to take up the appeal. Therefore, the Court must respect that choice and determine that Gornto lacks standing and it does not that the Rule 17 remedy will apply. Put simply, the Court cannot simply turn a blind eye to the probate court's determination or substitute the Court's judgment on holding out for a motion to substitute. Therefore, even though dismissal may preclude the ability to bring suit later, the Court has no choice but to dismiss the case. To hold otherwise would allow Gornto to receive an indefinite stay.[1] Therefore, Plaintiff's objections are overruled and dismissal is appropriate.

Even though the dismissal is tantamount to one with prejudice, the Court cannot overlook the jurisdictional requirement of standing. Therefore, even though it may be understandable as to the reason why, the Court finds that Plaintiff's attempt to stay the case indefinitely after the probate court declined to appoint him the administrator is a clear pattern of delay (though the court finds that it is not willful contempt or contumacious conduct). Moreover, lesser sanctions would not suffice because it would provide an indefinite delay of the case to the prejudice of the defendant;

[1] The Court also notes that if the circumstances were to change and the state courts were to later appoint Gornto as the administrator of the Estate, then through counsel, he may be able file an appropriately supported motion to reconsider under Fed. R. Civ. P. 60(b)(6).

such that lesser sanctions short of dismissal would not suffice.

Therefore, after due and proper consideration of all portions of this file deemed relevant to the issues raised, and a *de novo* determination of those portions of the Recommendation to which objection is made, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of this Court. Accordingly, the motion to continue stay (Doc. 25) is **DENIED** and Defendant's motion to dismiss (Doc. 6) is **GRANTED** to the extent it seeks dismissal – albeit the Court dismisses the case without prejudice.

A separate judgment will issue pursuant to Fed. R. Civ. P. 58.

**DONE** and **ORDERED** this 14th day of September, 2026.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE